Filed 7/11/22  P. v. Rodriguez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JOSEPH RODRIGUEZ,<br><br>　　　Defendant and Appellant. | A162469<br><br>(San Mateo County Super. Ct.<br>　No. 15-NF-001235-A) |

Defendant Robert Rodriguez was convicted of two felonies and originally sentenced to 27 years in prison, including three consecutive five-year enhancements for prior serious felonies pursuant to Penal Code section 667, subdivision (a)(1) (section 667(a)(1)).[1]  Rodriguez appealed.  (*People v. Rodriguez* (Aug. 2, 2018, A149521) [nonpub. opn.].)  We affirmed the conviction, but remanded for resentencing due to an error regarding the imposition of sentence on one count (criminal threats) instead of the other (stalking).  In December 2018, Rodriguez was resentenced to 23 years in prison, including the same three five-year enhancements.  At the time of this resentencing, trial courts did not have the discretion to dismiss or strike five-

---

[1] Further undesignated code references are to the Penal Code.

1

year enhancements imposed under section 667(a)(1). (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971 (*Garcia*).)

Effective January 1, 2019, Senate Bill No. 1393 (2017–2018 Reg. Sess.) amended section 667(a)(1) to afford trial courts the discretion to strike such enhancements. (Stats. 2018, ch. 1013, §§ 1–2.) Rodriguez subsequently petitioned for resentencing pursuant to Senate Bill No. 1393 (Senate Bill 1393).

The trial court found Rodriguez had made a prima facie showing of entitlement to relief on his petition because he "may show" that his December 2018 judgment of conviction was not final until after January 1, 2019. It ordered the People to file a response to the petition. After the response was filed, the presiding judge issued a written order denying the petition based on an indication by the judge at the December 2018 resentencing hearing that, even if the trial court could exercise its discretion to strike the enhancements, it would decline to do so. Rodriguez filed the instant appeal. He argues that despite his eligibility for relief under Senate Bill 1393, the trial court denied him due process by failing to appoint counsel to respond on the merits of his petition, and failing to consider all relevant factors in deciding whether to grant or deny the petition.

When Rodriguez filed his petition, section 1170, subdivision (d)(1) set forth the process for recall and resentencing of a criminal defendant who had been committed to state or local prison. While this appeal was pending, the Legislature passed Assembly Bill No. 1540 (2021–2022 Reg. Sess.), which modified and moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) (section 1170(d)(1)) to new section 1170.03. (Stats. 2021, ch. 719, §§ 1–7.) Among other things, section 1170.03 now specifies the required procedures for recall and resentencing, including appointment of

2

counsel and, before the trial court can deny resentencing, a hearing "where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1170.03, subds. (a)(8) & (b)(1).) We requested supplemental briefing on whether section 1170.03 was applicable to this case.

We now conclude that reversal is warranted here. First, Rodriguez was eligible for relief under Senate Bill 1393 because his judgment of conviction was not final when the new law became effective. Second, we conclude that the provisions of section 1170.03 apply here. While Assembly Bill No. 1540 (Assembly Bill 1540) was enacted after the denial of Rodriguez's petition, section 1170.03 applies retroactively because its provisions clarified the Legislature's intent regarding former section 1170(d)(1). And while we agree with the Attorney General that defendants do not have the right to self-petition for relief under either former section 1170(d)(1) or section 1170.03, we deem the issue forfeited for failure to raise it below. Finally, once the trial court decided to consider the merits of Rodriguez's petition for resentencing, we conclude that its summary denial without the provision of section 1170.03 procedures constituted error. We thus reverse and remand for the trial court to reconsider Rodriguez's petition for resentencing following appointment of counsel for Rodriguez and the opportunity for a hearing in accordance with section 1170.03.

## BACKGROUND

### A. *Conviction and Original Sentencing*

In 2016, Rodriguez was convicted of two felonies: criminal threats (§ 422, subd. (a)) and stalking (§ 646.9, subd. (a)). The trial court subsequently found Rodriguez had suffered five prior felony convictions. It granted Rodriguez's *Romero*[2] motion and struck four of these five priors. The

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

trial court sentenced Rodriguez to an aggregate 27-year prison term. It selected the stalking count as the principal term, imposed the upper term of five years, and doubled that term based on Rodriguez's prior strike pursuant to section 1170.12, subdivision (c)(1). It also imposed three consecutive five-year enhancements for prior serious felonies under section 667(a)(1), plus an additional two years for prior prison terms under section 667.5, subdivision (b). The trial court stayed imposition of sentence on the criminal threats count pursuant to section 654.[3]

## B. *First Appeal and Resentencing*

Rodriguez appealed. We affirmed the conviction, but remanded for resentencing to correct a sentencing error. (*People v. Rodriguez, supra,* A149521.) We determined that stalking should not have been designated as the principal term because that charge is not a serious felony subject to enhancements under section 667(a)(1).

On December 14, 2018, the trial court conducted Rodriguez's resentencing hearing. At the time of the hearing, trial courts had no discretion to strike serious felony enhancements under section 667(a)(1).[4] The district attorney and defense counsel, however, advised the trial court

---

[3] Rodriguez was also convicted of four misdemeanors: possession of a device for smoking a controlled substance (Health & Saf. Code, § 11364.1); being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); spousal battery (§ 243, subd. (e)(1)); and contempt of court (§ 166, subd. (c)(1)). The trial court imposed concurrent sentences on these misdemeanors.

[4] Section 667(a)(1) then provided that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." (Stats. 1986, ch. 1043, § 1.5.)

about Senate Bill 1393 and that it could defer sentencing until January 1 if it elected to exercise that discretion. The trial court responded that it "did not intend to do that," but instead impose the original three enhancements, and thus was "choosing not to resentence in January."

The trial court did not hear further argument from the parties and resentenced Rodriguez to an aggregate 23-year prison term. The trial court designated the criminal threats count as the principal term, imposed the upper term of three years, and doubled that term based on Rodriguez's prior strike. It also imposed the same three five-year enhancements under section 667(a)(1) and additional two years for prior prison terms. The trial court stayed imposition of sentence on the stalking count pursuant to section 654. Rodriguez did not appeal the judgment.

## C. *Rodriguez's Petition*

In July 2020, Rodriguez filed a pro. Per. petition for resentencing pursuant to Senate Bill 1393. At that time, section 1170(d)(1) set forth the process for recall and resentencing of a criminal defendant who had been committed to state or local prison.[5] In November 2020, the trial court issued an order directing the People to file a response to the petition. It found that Rodriguez had made a prima facie showing of entitlement to relief under Senate Bill 1393 because he "may show" that his December 2018 judgment of

---

[5] Section 1170(d)(1) then provided that when a defendant has been committed to state or local prison, the trial court may recall the sentence and resentence the defendant in a manner not greater than the initial sentence, either on its own motion within 120 days of the commitment or at any time upon the recommendation of the Secretary of the California Department of Corrections and Rehabilitation (Secretary), Board of Parole Hearings (Board), county correctional administrator, or county district attorney. (Stats. 2018, ch. 1001, § 2.)

conviction was not final until after January 1, 2019. The trial court did not appoint counsel to represent Rodriguez.

The People's response attached a transcript of the December 14, 2018 resentencing hearing and argued that judge had already considered and denied Rodriguez's request for relief under Senate Bill 1393. The People raised no objection to the form or timeliness of the petition. A few weeks later, without holding a hearing on the matter, the presiding judge issued a written order denying the petition. Citing *People v. Jones* (2019) 32 Cal.App.5th 267 (*Jones*), it explained that Rodriguez was not precluded from Senate Bill 1393 relief based on the date of his resentencing, but the judge at that resentencing hearing "clearly indicated" that the trial court "would not in any event have stricken the enhancement if it had the discretion to do so." This appeal followed.[6]

## DISCUSSION

In this appeal, Rodriguez argues that he was eligible for relief under Senate Bill 1393, but deprived of process by the trial court's summary denial of his petition without appointment of counsel to respond on the merits of his petition, and without consideration of "all relevant factors" in deciding whether to grant or deny the petition. Accordingly, we must decide (1) whether Rodriguez was entitled to relief under Senate Bill 1393; and (2) whether Rodriguez was entitled to the procedures he was not afforded by the summary denial of his petition. Because these core questions are statutory in

---

[6] After Rodriguez filed his notice of appeal, the trial court issued a second amended abstract of judgment. The amended abstract of judgment entered after the December 2018 resentencing hearing did not indicate any credit for time served. The second amended abstract of judgment included 768 total credits "as verified by Probation Dept. 05/21/2021."

nature, our review is de novo.  (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)
We address each in turn.

## I. Eligibility for Relief Under Senate Bill 1393

As described above, Senate Bill 1393 amended section 667, subdivision
(a) to afford trial courts the discretion to strike or dismiss a prior serious
felony enhancement for sentencing purposes.  (*Garcia, supra,* 28 Cal.App.5th
at p. 971.)  Senate Bill 1393 applies retroactively to defendants whose
judgments were not final on the date the law became effective.  (*People v.
Stamps* (2020) 9 Cal.5th 685, 699; *People v. Alexander* (2020) 45 Cal.App.5th
341, 345–346 (*Alexander*).)

"Senate Bill 1393 applies retroactively to all cases or judgments of
conviction in which a five-year term was imposed at sentencing, based on a
prior serious felony conviction, provided the judgment of conviction is not
final when Senate Bill 1393 becomes effective on January 1, 2019." (*Garcia,
supra,* 28 Cal.App.5th at pp. 971–972.)  "When an amendatory statute either
lessens the punishment for a crime *or*, as Senate Bill 1393 does, ' "vests in the
trial court discretion to impose either the same penalty as under the former
law or a lesser penalty," ' it is reasonable for courts to infer, absent evidence
to the contrary and as a matter of statutory construction, that the Legislature
intended the amendatory statute to retroactively apply to the fullest extent
constitutionally permissible—that is, to all cases not final when the statute
becomes effective." (*Id*. at p. 972.)  Here, we conclude that Rodriguez was
eligible for relief under Senate Bill 1393 because his December 20, 2019
sentencing was not final on January 1, 2019, when Senate Bill 1393 became
effective.

The Attorney General's argument to the contrary does not alter this
conclusion.  He contends, for the first time on appeal, that Rodriguez's July

7

2020 petition was filed after his December 2019 judgment became final, and thus the trial court lacked jurisdiction to consider the petition. This argument is misleading because the determinative question is whether the judgment of conviction was final when Senate Bill 1393 became effective, not whether it was final at the time the petition was filed. While the Attorney General cites *Alexander*, it does not support his argument. The judgment of conviction in *Alexander* became final almost two years *before* Senate Bill 1393 was enacted. (*Alexander, supra,* 45 Cal.App.5th at p. 345.)

In any event, we deem this argument forfeited for failure to raise it in the trial court below. We recognize that " 'the power of the courts to proceed'—i.e., their jurisdiction over the subject matter—cannot be conferred by the mere act of a litigant, whether it amount to consent, waiver or estoppel." (*People v. Chadd* (1981) 28 Cal.3d 739, 757.) " 'But where the court has general jurisdiction of the subject matter a lack of jurisdiction of the particular case may be waived by failure to take timely and specific objections, or an invocation of or submission to the jurisdiction may raise an estoppel to deny such jurisdiction.' " (*Young v. Los Angeles* (1927) 86 Cal.App. 13, 14.) Moreover, "reviewing courts have *required* parties to raise certain issues at the time of sentencing" and in such cases, "lack of a timely and meaningful objection forfeits or waives the claim." (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

When Rodriguez filed his petition, section 1170(d)(1) set forth the procedure for recall and resentencing of a defendant committed to state or local prison. "Section 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) It provided that the trial court could recall and resentence a defendant "at any time" upon the

recommendation of the Secretary, Board, correctional administrator, or district attorney. (Stats. 2018, ch. 1001, § 2.) As explained in *People v. Pillsbury* (2021) 69 Cal.App.5th 776, "a plain reading of the statutory language leads to the conclusion that the court can modify the judgement 'at any time,' even after the judgment has become final." (*Id*. at pp. 785–786; see also *People v. Cepeda* (2021) 70 Cal.App.5th 456, 464 [recommendation to recall and resentence gave trial court jurisdiction after judgment of conviction was final].) Given that the trial court was clearly authorized to consider such a request for resentencing at the time Rodriguez filed his petition, we conclude that the trial court had fundamental jurisdiction over the parties and the subject matter of the petition and that the Attorney General's objection, raised for the first time in this appeal, was forfeited.

In sum, we conclude that Rodriguez was eligible for relief under Senate Bill 1393 because his judgment was not final on January 1, 2019, when the statute became effective, and that any objection to the timeliness of Rodriguez's petition was forfeited by the People's failure to object below.

## II. Entitlement to Section 1170.03 Procedures

We must now consider whether Rodriguez was entitled to certain procedures—namely, appointment of counsel and opportunity for hearing before denial—that he was not afforded by the summary denial of his petition. While the former section 1170(d)(1) did not set out these procedures, the new section 1170.03 specifies that such procedures are required for recall and resentencing. (§ 1170.03, subds. (a)(8) ["Resentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection"] & (b)(1) [requiring trial court to provide notice of resentencing

9

request to defendant and issue order that sets status conference and appoints counsel to represent the defendant].)

The Attorney General argues that section 1170.03 does not apply here because (1) Assembly Bill 1540, which modified and moved the provisions of former section 1170(d)(1) to section 1170.03, cannot be applied retroactively; and (2) neither former section 1170(d)(1) nor section 1170.03 authorize defendants to self-petition for resentencing. We address each argument in turn.

## A. Retroactivity of Assembly Bill 1540

*People v. McMurray* (2022) 76 Cal.App.5th 1035 (*McMurray*) discussed the retroactivity of Assembly Bill 1540 under similar circumstances presented here. In that case, the trial court had summarily declined resentencing under former section 1170(d)(1) without explanation. (*McMurray*, at p. 1038.) Assembly Bill 1540 was passed while the appeal was pending. (*McMurray*, at p. 1040.) *McMurray* explained: "If an amendment ' " 'which in effect construes and clarifies a prior statute' " ' was adopted soon after controversies arose about the proper interpretation of the statute, ' " 'it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change.' " ' " (*Id*. at p. 1039.) "When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation." (*Ibid*.)

Assembly Bill 1540 clarified the required procedures for former section 1170(d)(1), "including that, when recalling and resentencing, the court 'shall . . . apply any changes in law that reduce sentences or provide for judicial discretion.' " (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040, quoting

§ 1170.03, subd. (a)(2).) It also clarified the Legislature's intent regarding former section 1170(d)(1), "to 'ensure due process and equitable application in these types of resentencing cases.' " (*McMurray*, at p. 1040.) *McMurray* thus concluded that, where a case involving former section 1170(d)(1) was on appeal at the time Assembly Bill 1540 went into effect, the appropriate remedy is to reverse and remand so that the trial court can consider the clarified procedure and guidelines of section 1170.03. (*McMurray*, at p. 1041.) So too here.

## B. Forfeiture of Objection to Self-Petition

The Attorney General also argues for the first time on appeal that because neither section 1170(d)(1) nor section 1170.03 authorize defendants to self-petition for resentencing, Rodriguez is not entitled to any procedures and the trial court lacked jurisdiction to consider his petition. Former section 1170(d)(1) and new section 1170.03 provide for recall and resentencing by either the trial court's own motion or upon the recommendation by a particular entity. (Stats. 2018, ch. 1001, § 2 [Secretary, Board, correctional administrator, district attorney]; § 1170.03 [adding Attorney General if the Department of Justice originally prosecuted the case].) While we thus agree that neither statute provides for self-petitions, we again deem the argument forfeited. This argument regarding the form of Rodriguez's request for relief cannot be raised for the first time on appeal because, as explained above, the trial court had fundamental jurisdiction over the parties and the subject matter of the petition. The People forfeited this argument by failing to object in the trial court.

Absent any such objection, the trial court determined that Rodriguez had established a prima facie case for relief, ordered the People to respond, conducted a review, and ultimately denied Rodriguez's petition. It did not

appoint counsel for Rodriguez or provide him an opportunity to respond to argument presented by the People. The trial court even amended the abstract of judgment after Rodriguez had appealed from the denial. Having engaged in this process, we conclude that the trial court was required to afford Rodriguez the procedures now specified in section 1170.03.

In sum, we conclude that any objection to the form of Rodriguez's petition was forfeited by the People's failure to object below and the denial of Rodriguez's petition without the provision of section 1170.03 procedures constituted error.[7] While we recognize the general rule from *Jones* that "[w]e are not required to remand to allow the court to exercise its discretion if 'the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken [the] . . . enhancement' even if it had the discretion," remand is appropriate here given the intervening passage of Assembly Bill 1540 and our conclusion that the procedures specified in section 1170.03 apply here. (*Jones, supra,* 32 Cal.App.5th at p. 273; *McMurray, supra,* 76 Cal.App.5th at p. 1041.)

---

[7] Given this conclusion, we need not address Rodriguez's alternative argument that such procedures should have been afforded pursuant to his Sixth Amendment and due process rights. We also need not address Rodriguez's argument that the trial court failed to consider all relevant factors on the petition, as we have now clarified the applicability of section 1170.03 (including the consideration of factors as provided in subdivision (4)). We express no opinion as to the merits of Rodriguez's petition.

## DISPOSITION

The February 9, 2021 order denying Rodriguez's petition for resentencing is reversed. We remand for reconsideration of the petition in accordance with the procedures of section 1170.03, with directions to the trial court to appoint counsel for Rodriguez and conduct a hearing before any denial of resentencing.

_____
Mayfield, J.*


We concur:


_____
Richman, Acting P.J.


_____
Miller, J.


*People v. Rodriguez* (A162469)


*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.